UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISON

| | |
|---|---|
| JAMES PARHAM, individually and on behalf of other similarly situated individuals, | ) ) ) |
| | ) CASE NO. |
| Plaintiff, | ) ) JURY TRIAL REQUESTED |
| | ) |
| v. | ) ) |
| REGIONAL ADJUSTMENT BUREAU, INC., a Tennessee corporation, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

1. This is an action for damages arising under 15 U.S.C. § 1692 *et seq.*, The Fair Debt Collection Practices Act ("FDCPA"), which requires, *inter alia*, a debt collector to make certain statutory disclosures in its initial communication with a consumer, specifically to clearly and accurately identify the name of the creditor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d). The FDCPA is a federal statute. Venue here is

1

proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred here.

## PARTIES

3. Plaintiff James Parham ("Plaintiff") is a natural person who, at all times relevant to this action was a resident of Fulton County, Georgia.

4. Plaintiff, as more fully described herein, is allegedly obligated to pay a personal or household debt to Plaintiff's "client" and is therefore a consumer within the meaning of 15 U.S.C. § 1692a(3).

5. Defendant Regional Adjustment Bureau, Inc. ("Defendant") is a Tennessee corporation whose principal office is located at 7830 Goodlett Farms Pkwy, Ste. 100W, Cordova, TN 38106 and whose registered agent for service of process is Robert F. Wyatt, 7830 Goodlett Farms Pkwy, Ste. 100W, Cordova, TN 37106.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debt. Regional Adjustment Bureau, Inc. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  This action arises from Defendant's attempt to collect from Plaintiff an allegedly "charged off" household or personal debt in the amount of 49,724.07, originating, upon information and belief, from a student loan.

8.  In furtherance thereof, Defendant, on or about December 4, 2015, mailed a collection letter to Plaintiff which Plaintiff received shortly thereafter. A true and correct copy is attached hereto as **Exhibit A.**

9.  The aforementioned letter was the first communication of any sort between Plaintiff and Defendant and is therefore the "initial communication" as contemplated by 15 U.S.C. § 1692g(a).

10. The letter nowhere states the identity of the current creditor.

11. The Defendant provided, under the heading of "Client Name," an indecipherable and meaningless string of letters and numbers, "**GTAM-STAB SLF-2c-GT-2013**."

12. While Defendant's client can possibly be the same as the current creditor the client can possibly be a different entity then the creditor. For example, the current creditor can hire a company who is responsible for servicing its account and this servicing company can hire a collection company such as Defendant. In such a case the client would not be the current creditor.

13. Upon information and belief, no such entity named "GTAM-STAB SLF-2c-GT-2013 exists, and even if it does, Plaintiff has never had a creditor by the name of "GTAM-STAB SLF-2c-GT-2013."

14. Accordingly, the facts here indicate that the Defendant falsely and deceptively obfuscated, and failed to identify the name of the creditor, in violation of the FDCPA.

## THE FDCPA

15. The FDCPA, among other things, mandates that, as part of noticing a debt, a "debt collector" must "send the consumer a written notice containing" — along with other information — "the name of the creditor to whom the debt is owed[.]" *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012).

16. More specifically, the FDCPA at § 1692g(a)(2) requires the debt collector to **clearly** identify the name of the creditor to whom the debt is owed. *Lindley v. TRS Recovery Associates, Inc.*, No. 2: 12-CV-109 (S.D. Tex. Dec. 12, 2012) (emphasis added); *Neff v. Schlee v. Stillman, LLC*, No. 16-cv-10555 (E.D. Mich. Aug. 12, 2016). (All that section 1692g(a)(2) requires of the collector is to effectively convey the name of the creditor to whom the debt is owed.)

17. Likewise, the FDCPA at § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect

any debt or to obtain information concerning a consumer. *Thomas v. LDG Financial Services, Inc.*, 463 F. Supp. 2d 1370, 1374 (N.D. Ga. 2006).

18. If the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation. *Janetos v Fulton Friedman & Gullace, LLP*, No. 15-1859 (7th Cir. Apr. 7, 2016).

19. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *Bentley v Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

## CLASS ALLEGATIONS

20. Defendant holds itself out as "a leader in student loan collection."[1] Therefore, upon information and belief, Plaintiff submits that the materially same violative form letter which forms the basis of this action has likely been sent to consumers across the country.

21. Therefore, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), Plaintiff also brings this action on behalf of a class of other similarly situated individuals.

---

[1] Source: http://www.rabinc.com/ind-student.htm. (Accessed Nov. 5, 2016).

22. The class consists of all natural person in the United States to whom Defendant sent, within the time frame relevant to this action (and not returned as undeliverable), an initial communication letter seeking to collect a delinquent student loan, said letter materially similar to Exhibit A in that it failed to clearly and accurately identify the name of the current creditor of the alleged amount due.

23. For purposes of the class definition, the "time frame relevant to this action" is that period of time beginning one year prior to the filing of the original complaint in this action, through and including the date of class certification.

24. The class appears so numerous the joinder of all members is not practicable. On information and belief, there are more than 40 members of the class, including the Plaintiff. *See Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (While there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors. (internal quotations omitted)).

25. There are questions of law and fact common to the class, which common questions predominate over any questions related to individual class members. Here, the predominate question is whether Defendant's use of an arguably undecipherable string of letters and numbers clearly and accurately identifies the creditor in the manner contemplated by 15 U.S.C. § 1692g(a)(2).

26. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

27. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that:

   a. Individual actions are not economically feasible;

   b. Members of the class are likely unaware of their rights;

   c. Congress intended class actions to be a principal enforcement mechanism under the FCPA.

## COUNT I

## DEFENDANT'S VIOLATION OF THE FDCPA

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

30. 15 U.S.C. § 1692g(a)(2) requires debt collectors to send consumers written notice containing, inter alia, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

31. Defendant's initial communication debt collection letter failed to clearly and effectively identify the name of the creditor, violating § 1692g(2).

Also, by using a false representation or deceptive means to obfuscate the name of the creditor, Defendant violated § 1692e(10).

32.     Because Defendant's unlawful collection communication fails to comply with one or more provisions of the FDCPA, Defendant is liable to Plaintiff for statutory damages pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests this Court enter an Order allowing this action to proceed as a class, followed by entry of judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses, and costs of this suit;

(3) Such other and further relief as the Court deems proper.

Dated: Decatur, Georgia
       November 11, 2016

                    **The Law Offices of Shimshon Wexler, PC**

                    By: s/ Shimshon Wexler
                        Shimshon Wexler, Esq.
                        *Attorney for Plaintiff*
                        315 W. Ponce de Leon Ave., Ste. 250
                        Decatur, Georgia 30030
                        Tel: (212)760-2400
                        Fax: (917)512-6132
                        swexleresq@gmail.com

**Plaintiff requests a trial by jury on all issues so triable.**

        By: <u>/s Shimshon Wexler</u>
            Shimshon Wexler, Esq.

# **EXHIBIT A**

ONRABI02
PO Box 1022
Wixom MI 48393-1022

ADDRESS SERVICE REQUESTED

**RAB INC**
regional adjustment bureau
*A Total Receivable Management Company*

Si usted prefiere un representante, llame al **(877) 270-3049**

Toll Free
**(800) 829-7204**

Local Residents
**(901) 382-0250**

MAIL ALL CORRESPONDENCE TO:

REGIONAL ADJUSTMENT BUREAU, INC.
PO Box 34111
Memphis  TN  38184-0111

JAMES PARHAM
55 Northwood Dr Apt 34
Sandy Springs GA 30342-4644

Date: December 4, 2015
Account #: D-2-5307165
Balance: **$49724.07**

***Detach Upper Portion and Return with Payment***

Client Name: GTAM-STAB SLF-2c-GT-2013
Principal Balance:    $35,838.80
Interest:             $13,885.27
Total Due:            $49,724.07

RAB #: D-2-5307165
Client Account #: XXXXX1000

Our client has placed your delinquent account with this office for collection.  As of the date of this letter, you owe $49,724.07. Because of interest that may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing your payment for collections.

The total amount of payments since the account was charged off is $0.00.

It is important that you remit $49724.07 to avoid further collection efforts.  If this is not possible, call our office to make arrangements to clear the balance owed.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

PLEASE NOTE THAT YOU CAN PAY YOUR ACCOUNT BY CHECK OR CREDIT CARD OVER THE INTERNET BY CONTACTING US AT rabinc.com/payment.

WESTERN UNION QUICK COLLECT

**Check By Phone**
IS ACCEPTED

This is an attempt to collect a debt and any information obtained will be used for that purpose.  This communication is from a debt collector.

See reverse side for important information.

2ONRABI021-747467998

Regional Adjustment Bureau, Inc. • 1900 Charles Bryan Rd, Suite 110 • PO Box 34111 • Memphis  TN  38016
(800) 829-7204 • (901) 382-0250
Office Hours: 8:00 AM - 9:00 PM Monday-Thursday, 8:00 AM - 6:00 PM Friday

Secure online access to your account placed with RAB for collection is now available. Online account access will allow you to **view your balance, see your last payment amount and self-manage resolution of this debt.**

Use the link below to go to the secure login screen where you can enter your personalized username and password. If you have not yet created your username login ID and password, click the New User link located on the login page and enter the information required to create your online account. **Also, be sure to use your private access code provided here when managing your account. Your access code is: 2.2910150.450 Your RAB # is: D-2-5307165**

https://www.rabincweb.com/facsweb/weblogind.htm

This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.

Federal and state laws prohibit certain methods of debt collection and require that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop. Sending such a letter does not make the debt go away if you owe it. Once we get the letter, we can't contact you again, except to say there won't be any more contact or to tell you that we plan to take a specific action.

If you have a complaint about the way we are collecting your debt, please write to our CONTACT CENTER, Regional Adjustment Bureau, Inc., 1900 Charles Bryan Road, Suite 110, Memphis, TN 38016, email us at complaint@rabinc.com, visit our website at www.rabinc.com/contact.htm or call us toll-free at 866-902-5867 between 9:00 AM and 5:00 PM Central-Time, Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act, If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov, by phone at 1-877- FTC-HELP; or by mail at 600 Pennsylvania Ave NW, Washington, DC 20580. If you want information about your rights when you are contacted by a debt collector, please contact the FTC online at www.ftc.gov.