## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES PARHAM

        Plaintiff,

                                        Civil Action No. 1:16-cv-4223

v.

REGIONAL ADJUSTMENT
BUREAU, INC.

        Defendant,

_____

## DEFENDANT REGIONAL ADJUSTMENT BUREAU, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Regional Adjustment Bureau, Inc. (Regional or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, James Parham ("Plaintiff").

1.     Regional admits that Plaintiff brings this action against it under the Fair Debt Collection Practices Act, but denies any violation of the foregoing law.

## JURISDICTION AND VENUE

2.     Regional admits that this Court generally has subject matter jurisdiction over claims arising under the Fair Debt Collection Practices Act, and that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted here.

## PARTIES

3.     Regional admits that Plaintiff is a natural person. Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies the allegations.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent that a response is required, Regional states as follows: Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies the allegations.

5.     Regional admits that it is a corporation organized under the laws of the state of Tennessee, it maintains its principal office at 7130 Goodlett Farms Pkwy. Ste. 100W, Cordova, Tennessee 38106, and that its registered agent is Robert F. Wyatt, 7130 Goodlett Farms Pkwy. Ste. 100W, Cordova, Tennessee 38106.

6.     Regional admits that it is engaged in the business of providing collection services on behalf of its customers and that it uses the mail and telephone in providing such services.

2

## ALLEGATIONS

7.      Regional admits that it attempted to collect on an account from Plaintiff in the amount of $49,724.07. Regional is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies the allegations.

8.      Regional admits that it sent Plaintiff a letter dated December 4, 2015 and Exhibit A to the Complaint appears to be a copy of such letter.

9.      Regional admits that the letter dated December 4, 2015 was the first communication between it and Plaintiff regarding the subject account.

10.     Regional denies the allegations contained in paragraph 10 of the Complaint.

11.     Regional admits that its letter states that the "client name" is "GTAM-STAB SLF-2c-GT-2013." Regional denies that this is an indecipherable and meaningless string of letters and numbers.

12.     The allegations contained in paragraph 12 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: Regional is without knowledge or information sufficient to form a belief as to the truth of the

3

allegations contained in paragraph 12 of the Complaint and, therefore, denies the allegations.

13.    Regional denies the allegations contained in paragraph 13 of the Complaint.

14.    Regional denies the allegations contained in paragraph 14 of the Complaint.

## THE FDCPA

15.    The allegations contained in paragraph 15 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: the Eleventh Circuit speaks for itself.

16.    The allegations contained in paragraph 16 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: the Southern District of Texas and Eastern District of Michigan speak for themselves.

17.    The allegations contained in paragraph 17 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: the FDCPA speaks for itself.

SGR/14923827.1

18.     The allegations contained in paragraph 18 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: the Seventh Circuit speaks for itself.

19.     The allegations contained in paragraph 19 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, Regional states as follows: the Second Circuit speaks for itself.

## CLASS ALLEGATIONS

20.     Regional admits that it has sent similar letters to other persons.

21.     Regional admits that Plaintiff purports to bring this action on behalf of a putative class of persons but denies that this matter can be properly certified or maintained as a class under Rule 23.

22.     The allegations contained in paragraph 22 concern the definition of a proposed class which Plaintiff purports to represent, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: the class as defined is a fail-safe class and cannot be certified under Rule 23.

SGR/14923827.1

23.     The allegations contained in paragraph 23 concern the definition of a proposed class which Plaintiff purports to represent, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: the class as defined is a fail-safe class and cannot be certified under Rule 23.

24.     The allegations contained in paragraph 24 concern the definition of a proposed class which Plaintiff purports to represent, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: Regional denies that this action can be certified or maintained as a class action under Rule 23.

25.     The allegations contained in paragraph 25 are Plaintiff's legal conclusions regarding the ability of the proposed class to be certified under Rule 23, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: Regional denies that this action can be certified or maintained as a class action under Rule 23.

26.     The allegations contained in paragraph 26 are Plaintiff's legal conclusions regarding the ability of the proposed class to be certified under Rule 23, therefore, no response should be necessary. To the extent a response is deemed

6

necessary, Regional states as follows: Regional denies that this action can be certified or maintained as a class action under Rule 23.

27.    The allegations contained in paragraph 27 are Plaintiff's legal conclusions regarding the ability of the proposed class to be certified under Rule 23, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: Regional is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies the allegations.

28.    The allegations contained in paragraph 28 are Plaintiff's legal conclusions regarding the ability of the proposed class to be certified under Rule 23, therefore, no response should be necessary. To the extent a response is deemed necessary, Regional states as follows: Regional denies that this action can be certified or maintained as a class action under Rule 23.

## COUNT I

29.    Regional responds to the allegations contained in the previous paragraphs of the Complaint as set forth above.

30.    The allegations contained in paragraph 30 of the Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the

SGR/14923827.1

extent that a response is required, Regional states as follows: the FDCPA speaks for itself.

31.    Regional denies the allegations contained in paragraph 31 of the Complaint.

32.    Regional denies the allegations contained in paragraph 32 of the Complaint.

## GENERAL DENIAL

33.    Regional denies all allegations of the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against Regional must be dismissed because Plaintiff fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against Regional under the Fair Debt Collection Practices Act must be dismissed because the letter at issue contains the name of the creditor for the subject account.

SGR/14923827.1

### Third Affirmative Defense

Plaintiff's claims against Regional under section 1692e of the Fair Debt Collection Practices Act must be dismissed because any alleged misrepresentation was immaterial and did not affect Plaintiff's ability to respond to the letter, seek verification, or dispute the debt.

### Fourth Affirmative Defense

Plaintiff's claims against Regional must be dismissed because Plaintiff did not suffer a concrete injury-in-fact and, therefore, lacks standing to pursue his claims before this Court.

### Fifth Affirmative Defense

Plaintiff's claims against Regional under the Fair Debt Collection Practices Act must be dismissed because any alleged violations occurred due to a *bona fide* error of fact notwithstanding procedures in place to prevent such errors including, without limitation, the performance of internal audits of letters sent to account holders. Regional verified and relied on the information provided to it by its customer, including the correct name of the current creditor, prior to beginning collection activity.

SGR/14923827.1

**Sixth Affirmative Defense**

Regional reserves the right to challenge the sufficiency of Plaintiff's class allegations, including the right to raise issues or defenses applicable to the purported claims of the named Plaintiff and/or individual putative class members, at the appropriate stages of this case.

## CLAIM FOR FEES

On information and belief, this action was brought against, or has been continued against, Regional in bad faith and for the purposes of harassment and Regional seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(3).

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted this 4th day of January, 2016.

SGR/14923827.1

_s/ J. Harrison Anthony_____

J. Harrison Anthony
Georgia Bar. No. 395860
SMITH, GAMBRELL & RUSSELL, LLP
Suite 3100, Promenade
1230 Peachtree Street, NE
Atlanta, Georgia 30309-3592
Phone: (404) 815-3500
Fax: (404) 685-7067
Email: janthony@sgrlaw.com


*Counsel for Defendant*

11

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

JAMES PARHAM
       Plaintiff,

                             Civil Action No. 1:16-cv-4223

v.

REGIONAL ADJUSTMENT BUREAU, INC.

       Defendant,

_____

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **DEFENDANT, REGIONAL ADJUSTMENT BUREAU, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** electronically with the Clerk of Court using the CM/ECF system, which will send a copy to all counsel of record.

This 4th day of January, 2016.

                        *_s/ J. Harrison Anthony_____*
                        J. Harrison Anthony
                        Georgia Bar. No. 395860
                        SMITH, GAMBRELL & RUSSELL, LLP
                        Suite 3100, Promenade
                        1230 Peachtree Street, NE
                        Atlanta, Georgia 30309-3592

                        *Counsel for Defendant*

SGR/14923827.1