# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES PARHAM, | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| | : 1:16-CV-4223-LMM-JCF |
| REGIONAL ADJUSTMENT BUREAU, INC., | : |
| Defendant. | : |

## SCHEDULING AND DISCOVERY ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan (Doc. 11) completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery and discussing settlement are as stated in said completed form except as herein modified.

Under the provisions of Standing Order No. 14-01 of this Court, this action has been referred to the undersigned Magistrate Judge. All pretrial motions and proceedings, including discovery disputes, shall be determined under this referral by the undersigned. An objection to any order entered by the Magistrate Judge shall be ruled upon by the District Judge to whom this case has been assigned. The parties

1

may present problems to the undersigned through telephonic conferences or hearings as needed.  Should the parties request a settlement conference, a conference shall be arranged before another magistrate judge.

This case is assigned to a four-month discovery track.  App. F. to the Local Rules of Practice, NDGa. ("LR NDGa.").  The parties have not indicated any agreement to begin discovery early.  Therefore, the discovery period began 30 days after the first defendant appeared by filing an answer to the complaint and is scheduled to continue for four months from that date. LR 26.2A., NDGa.  The parties have indicated a need for any additional time for discovery beyond the four months allowed by the Local Rules of this Court.  Upon consideration and for good cause shown, the parties request is **GRANTED** and the discovery period shall be continued up to and including **August 4, 2017.**  Upon a timely motion filed by either party before the end of the scheduled discovery period and a showing of good cause and diligence in pursuing discovery, the Court may extend the discovery period as needed.  *See* LR 26.2B., NDGa.

Absent **prior** written permission by the Court, no party may file a brief in support of a motion or in response to a motion exceeding 25 double-spaced pages, and no party may file a reply brief exceeding 15 double-spaced pages. LR 7.1D., NDGa. A motion requesting leave to exceed the page limit in a brief must be filed prior to the

due date for the brief.  Counsel are **ORDERED** to comply with the Local Rules in all filings and are cautioned that the Court may decline to consider any motion or brief that fails to conform to the Local Rules.  LR 7.1F., NDGa.

Upon filing a motion for summary judgment or response thereto, the party filing such documents must electronically file with the Court the complete transcript, with exhibits, of all depositions that are necessary to the motion or response.  All exhibits, including but not limited to, affidavits, declarations, and discovery materials, that are relied upon in that party's statement of facts or brief (e.g., portions of depositions, interrogatories, requests for documents, requests for admission and answers or responses), must be attached as exhibits to such statement of facts or brief, and each exhibit must be properly numbered.  The facts asserted in the moving party's "Statement of Undisputed Material Facts," and in the non-moving party's "Statement of Material Facts As To Which There Exists a Genuine Issue To Be Tried," shall be supported by citations to the record and any affidavits that may be filed.  *See* LR 56.1B., NDGa.; FED.R.CIV.P. 56(c),(e).  The parties are further **DIRECTED** to provide to the undersigned a courtesy hard copy of all summary judgment filings, including numbered and tabbed exhibits, and complete transcripts, including exhibits, of any depositions referenced in their summary judgment filings.

The filing of a motion for an extension of the time allowed for an act permitted or required by the Federal Rules of Civil Procedure or the Local Rules of this Court shall **not** suspend the deadline for that act.  Except where good cause is shown for delay, a motion for an extension of time should be filed with the Clerk within a sufficient time before the deadline date to allow the opposing party to respond and to allow consideration of the request by the Court prior to the expiration of the period originally prescribed.

If no motions for summary judgment are filed, the parties shall file a proposed Consolidated Pretrial Order within 30 days following completion of discovery; or, if a motion for summary judgment is filed, the parties shall file a Consolidated Pretrial Order within 30 days from a final ruling on that motion, if such ruling is not dispositive of all claims advanced by the parties.  A trial date for this case shall be set following submission and approval of the Consolidated Pretrial Order.

**IT IS SO ORDERED** this 6th day of February, 2017.

                                    */s/ J. CLAY FULLER*
                                    J. CLAY FULLER
                                    United States Magistrate Judge