# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES PARHAM, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | Civil Action File No.: |
| REGIONAL ADJUSTMENT BUREAU, : | 1:16-CV-4223-LMM-JCF |
| INC., : | |
| : | |
| Defendant. : | |

## GUIDELINES FOR DISCOVERY AND MOTION PRACTICE

### GUIDELINES

These Guidelines are furnished for the convenience of counsel and the Court to promote the just, speedy and economical disposition of cases.

### GENERAL MATTERS

Attorneys and *pro se* litigants appearing in this Court in civil litigation must observe three sets of rules:

1. The Federal Rules of Civil Procedure
2. The Local Rules and Instructions Regarding Pretrial Proceedings of the District Court for the Northern District of Georgia
3. The rules and practices of the Magistrate Judge assigned to your case[1]

---

[1] The information that follows in this Guideline provides the rules and practices to which counsel and parties should adhere in conducting discovery and filing motions for summary judgment. Additional information about the rules and practices of this Court can be obtained from the Clerk of Court, the magistrate judge's courtroom deputy or his

1

## PRELIMINARY FILINGS

Attorneys and *pro se* litigants are reminded that within 30 days after the appearance of the first defendant by answer or motion, the parties should file their Joint Preliminary Report and Discovery Plan, as required by FED.R.CIV.P. 16 and 26 and LR 16.2, NDGa.; and within 30 days after the appearance of a defendant by answer or motion, the parties should serve their Initial Disclosures, pursuant to FED.R.CIV.P. 26 and LR 26.1, NDGa., and private (non-governmental) parties should each file and serve a Certificate of Interested Persons, as required by LR 3.3, NDGa.

## DISCOVERY

1.  **General Principles of Discovery**.  Counsel and *pro se* litigants should be guided by courtesy, candor and common sense, and should conform to the Federal Rules of Civil Procedure, the Local Rules and applicable orders in conducting discovery.  In particular, counsel and *pro se* litigants should have in mind the restrictions on the scope of discovery stated in FED.R.CIV.P. 26(b) and the good faith obligations implicit in FED.R.CIV.P. 26(g).  Direct and informal communication between counsel is encouraged to facilitate discovery and resolve disputes.  In this regard, the Court refers counsel and parties to the guidance offered by the district

---

law clerk.

court for the Central District of California in *O'Connor v. Boeing North American, Inc.,* 185 F.R.D. 272, 284 (C.D. Cal. 1999):

> The Court would like to take this opportunity to address the parties and their counsel, to stress that "[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests."

(Citation omitted).

2. **Timeliness**. The time limits specified in the rules and applicable orders must be observed. If additional time is required, a continuance must be sought in advance by order of the Court. (*See* ¶ 4 below).

3. **Discovery Cut-Off**. Discovery cut-off dates are the last date for filing discovery responses, unless otherwise specified by court order. To be timely, therefore, discovery requests must be served sufficiently in advance (usually 30 days) of the deadline for responses to be made within the discovery cut-off date. *See* LR 26.2A., NDGa.

4. **Extensions of Discovery Period**. Requests for extension of the discovery

period or deadlines within the discovery period must be made in accordance with LR 26.2B., NDGa. All requests for extensions of time must state: (1) the original (and if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent. NOTE: An agreed upon or consent motion to extend the discovery period or deadlines therein should be clearly designated as a CONSENT motion.

5. **Designation of Expert Witnesses and Reports**. The local rules require disclosure of expert witnesses sufficiently early in the discovery period to allow for adequate time to depose the expert and, if desired, to name a rebuttal expert witness. *See* LR 26.2C., NDGa. In accordance with this requirement, no later than 60 days before the close of the discovery period, the identity of and the report of any affirmative expert witness shall be served, together with all other disclosures required by FED.R.CIV.P. 26(a)(2)(B). No later than 30 days before the close of the discovery period the identity of and the report of any proposed rebuttal expert witness shall be served, together with all other disclosures required by FED.R.CIV.P. 26(a)(2)(B). Each expert report shall conform with FED.R.CIV.P. 26(a)(2)(B).

6. **Supplementing Discovery Responses**. FED.R.CIV.P. 26(e) requires that initial

disclosures and earlier discovery responses be supplemented if the disclosure or response was incorrect or is incomplete or to the extent the disclosure or response relates to potential expert or other witnesses. The Court strongly encourages counsel and *pro se* litigants to ensure that, prior to close of discovery, all prospective witnesses are identified in the initial or supplemental disclosures. Failure to comply with the duty to supplement may result in exclusion of evidence or witnesses in consideration of dispositive motions and at trial.

7. **Depositions**.

   a. *Scheduling*. Barring extraordinary circumstances, opposing counsel and *pro se* litigants should be consulted and the convenience of counsel, witnesses and the parties accommodated before a deposition is noticed. Concurrent depositions are not permitted in the absence of stipulation or order.

   b. *Stipulations*. When counsel or parties enter into stipulations at the beginning of a deposition, the terms of the stipulation should be fully stated on the record of the deposition.

   c. *Questioning*. Questions should be brief, clear and simple. The purpose of a deposition is not to harass or intimidate, but simply to make a clear and unambiguous record of what that witness's testimony would be at

trial.

d. *Documents*. Normally, except in the case of impeachment, a witness should be shown a document before being questioned about it.

e. *Objections*. Under FED.R.CIV.P. 30(c)(2), objections to the manner of taking the deposition, to the evidence or to the conduct of a party shall be noted on the record but the evidence objected to shall be taken subject to the objection. In the absence of a good faith claim of privilege, instructions not to answer are rarely justified and may lead to sanctions under FED.R.CIV.P. 37. Speaking objections and other tactics for coaching a witness during the deposition may also be cause for sanctions. If counsel or a *pro se* litigant believes that a motion to terminate or limit the examination under FED.R.CIV.P. 30(d)(3) would be warranted, counsel and/or the *pro se* litigant should promptly initiate a conference call to the Court with opposing counsel for a pre-motion conference to attempt to resolve the problem. (*See* No. 11 below).

f. *Expert Disclosures*. FED.R.CIV.P. 26(b)(4) should be consulted. However, experts who are prospective witnesses are normally produced for deposition by the opposing party as a matter of course.

g. *Limitations on Depositions*. The parties are expected to observe the

limitations specified in FED.R.CIV.P. 26(b) and 30 and, in particular, to avoid unnecessary depositions.

8. **Interrogatories**.

   a. *Informal Requests*. Whenever possible, counsel should try to exchange information informally. The results of such exchanges, to the extent relevant, may then be made of record by requests for admission.

   b. *Number and Scope of Interrogatories*. The parties are expected to observe the limitations stated in FED.R.CIV.P. 26(b) and 33. Counsel's or a *pro se* litigant's signature on the interrogatories constitutes a certification of compliance with those limitations. Interrogatories should be brief, straight-forward, neutral, particularized and capable of being understood by jurors when read in conjunction with the answer. Ordinarily, they should be limited to requesting objective facts, such as the identification of persons or documents, dates, places, transactions, and amounts. Argumentative interrogatories, attempts to cross-examine and multiple repetitive interrogatories are objectionable.

   c. *Responses*. FED.R.CIV.P. 33(b) requires the respondent to provide separate written answers to each interrogatory unless it is objected to. If an objection is made, the reason(s) for the objection shall be stated and

        the interrogatory is to be answered to the extent it is not objectionable. When in doubt about the meaning of an interrogatory, give it a reasonable interpretation (which may be specified in the response) and answer it so as to provide rather than deny information. Generally, the responding party is required to produce information only in the form in which it is maintained. If an answer is made by reference to a document, attach it or identify it and make it available for inspection. (*See* ¶ 9 below). Generalized cross-references, such as to a deposition, are not an acceptable answer.

  d.  *Objections*. Consult FED.R.CIV.P. 26(b) and 33(b)-(d) about the permissible scope of discovery and objections. Counsel's or a *pro se* litigant's signature on the answer constitutes a certification of compliance with the requirements of FED.R.CIV.P. 26(g).

  e.  *Privilege*. If an objection is based on privilege, the claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity. In the case of a document, such a statement should specify the privilege relied on and include the date, title, description, subject and purpose of the document, the name and position of the author and the addresses of other recipients. In the case of a

communication, the statement should include the privilege relied on and the date, place, subject and purpose of the communication and the names and positions of all persons present.  *See* FED.R.CIV.P. 26(b)(5).

9. **Requests for Production or Inspection**.

   a. *Informal Requests*.  (*See* ¶ 8a above).

   b. Number and Scope of Requests.  Although the Court has no standing limitation, it will be guided in each case by the limitations stated in FED.R.CIV.P. 26(b) and 34.  To the extent possible, requests should specify with particularity the title and description of documents or records requested.  (Information needed for specification can often be obtained by informal discovery or by deposition or by interrogatories, if necessary.)  The certification requirement of FED.R.CIV.P. 26(g) applies.

   c. *Responses*.  Materials, including electronically stored information, should be produced in accordance with FED.R.CIV.P. 34(b)(2)(E). Documents should be produced either with labels corresponding to the categories in the specific requests to which they respond or in the manner in which they are kept in the usual course of business.  Opening a warehouse for inspection by the requesting party, burying the responsive documents in a mass of materials, and similar procedures do not meet the

good faith requirements of the rules.  The certification procedure of FED.R.CIV.P. 26(g) is applicable.

    d.    *Objections*.  Consult FED.R.CIV.P. 26(b) and 34 about the permissible scope of discovery and objections.

    e.    *Privilege*.  (*See* ¶ 8e above).

10.    **Requests for Admission**

    a.    *Use of Requests*.  Requests for admission are an economical and efficient means of making a record of informal exchanges of information, stipulations and matters subject to judicial notice, and of narrowing issues.

    b.    *Form of Requests*.  Each request should be brief, clear, simple, addressed to a single point and stated in neutral, non-argumentative words. Requests ordinarily should deal with only objective facts.  They may be combined with interrogatories to ask for the factual basis of a claim or a denial.  The attorney's or *pro se* litigant's signature certifies compliance with FED.R.CIV.P. 26(g).

    c.    *Responses*.  FED.R.CIV.P. 36(a)(4) requires that a response shall specifically deny a matter or set forth in detail the reasons why the party cannot admit or deny.  A denial shall fairly meet the substance of the

request, and when good faith requires, a party shall specify so much as is true and qualify or deny the remainder. The responding party has a duty to make reasonable inquiry before responding. The certification requirement of FED.R.CIV.P. 26(g) applies.

    d.    *Objections and Privileges*. (*See* ¶ 8d and 8e above).

11.    **Motions to Compel or for Protective Orders**.

    a.    *Pre-Motion Conference*. Counsel or *pro se* litigants are required to confer, by telephone or in person, in good faith before bringing a discovery dispute to the Court. *See* FED.R.CIV.P. 26(c) and 37(a)(1); LR 37.1A, NDGa. The duty to confer is NOT satisfied by sending a written document, such as a letter, E-mail or fax, to the adversary, UNLESS repeated attempts to confer by telephone or in person are met without success due to the conduct of the adversary. If counsel or *pro se* litigants are unable to informally resolve the discovery dispute, they should arrange a telephone conference with the Court through the Court's judicial assistant or courtroom deputy.[2] If the differences cannot be resolved during the conference with the Court, the Court will direct

---

[3] Counsel and *pro se* litigants should be aware that if the issue upon which the dispute rests is complex, the Court may request that prior to the conference, the parties jointly submit a short (two double-spaced pages or less) letter providing an overview of the contested issue(s).

       further proceedings.  Motions to compel or for a protective order should ordinarily NOT be filed without a prior conference with the Court.

    b.    *Memoranda*.  In the event that memoranda are submitted, they should comply with LR 37.1, NDGa., and be brief, focus on the facts of the particular dispute and avoid discussion of general discovery principles.  The Court cautions against the inclusion of (and will disregard) any generalized recitation of "historical" discovery disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party.

    c.    *Sanctions*.  If sanctions are sought, include a declaration and the appropriate documentation to support the amount requested.

12.    **Protective Orders.**

Parties wishing any document filed as part of the record to be under seal must first present a motion and/or consent order regarding said document to the Court.  The Clerk of the Court is not authorized to accept for filing any document designated as sealed without an order from the Court approving specific documents to be filed under seal.

13.    **Reference to Guidelines**.

The Court will be guided by these Guidelines in resolving discovery disputes

and imposing sanctions.

      **IT IS SO ORDERED** this <u>6th</u> day of <u>February</u>, 2017.

                                  *<u>/s/ J. CLAY FULLER</u>*
                                  J. CLAY FULLER
                                  United States Magistrate Judge